# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**KEVIN M. PHILLIPS,**

    **Petitioner,**

v.                                                                                                  **Civil Action No. 5:11cv46**
                                                                                                     **(Judge Stamp)**

**STATE OF WEST VIRGINIA,**

    **Respondent.**

## AMENDED OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* petitioner filed this habeas petition on March 23, 2011 pursuant to 28 U.S.C. § 2254. [Dckt. 1] On March 28, 2011, he was granted permission to proceed as a pauper and assessed an initial partial filing fee. [Dckt. 8]. The plaintiff paid his initial partial filing fee on March 28, 2011. [Dckt. 17] The Court issued an "Order to Show Cause" to respondents on May 12, 2011. [Dckt 18] On May 26, 2011, the petitioner filed a "Motion for Sentence Reduction" [Dckt. 20] The respondents filed a response to the petitioner's habeas petition and a motion for summary judgment on June 7, 2011. [Dckts. 21 & 22]. Because petitioner is appearing *pro se*, the Court issued a Roseboro notice on June 17, 2011. [Dckt. 26] The petitioner filed two responses on June 23, 2011. [Dckts. 28 & 29].

### II. Contentions of the Parties

**1. Habeas Petition**

In the petitioner's habeas petition, he alleges four issues that justify an overturning of his sentence:

1. The officer did not read defendant his rights.

2. Defendant was threatened and manipulated by officer.

3. Officer falsified information to the courts.

4. Attorneys would not fight for defendant's motions or raise issues.

As relief, the petitioner is asking to be put on probation so he can assist his elderly father and assist his wife financially. The petition includes multiple statements from friends and family in support of petitioner being placed on probation, and the petitioner's "motion for a reduced sentence" asks for the same.

**2. Motion for Summary Judgment**

The respondent's motion for summary judgment claims that the petitioner's claims are all barred for failure to exhaust state remedies. It claims that because the only issued the petitioner has raised on direct appeal was that the trial court abused its discretion by refusing to grant probation to the prisoner, the petitioner must first raise the four issues he alleges in state court before they can be reviewed by a federal court.

**3. Petitioner's Response**

In response to the respondent's motion for summary judgment, the petitioner asks the court to ignore the respondent's allegations and reiterates the arguments made in his petition.

### III. Standard of Review

**A. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. *Id.* This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. *Id.* at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. 28 U.S.C. §2254.[1] To exhaust state remedies, a habeas petitioner must fairly present the substance

---

[1] 28 U.S. C. §2254(b)(1) provides that:

an application for a writ of habeas corpus on behalf of a person in custody

3

of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief ... by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004).

The exhaustion of state remedies is accomplished by the petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995) and Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D. W. Va. 1993). A federal court may only consider those issues the petitioner presented to the state court. Picard v. Connor, 404 U.S. 270 (1971).

The petitioner has the burden of demonstrating that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity

---

> pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is either an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.." Duncan v. Henry, 513 U.S. 364, 365 (1995). Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the petitioner must also "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F. 3d 991, 994 (4th Cir. 1994).

Under these standards, it is clear that the petitioner has failed to follow proper procedure in this case. After a review of the record, none of the petitioner's four claims were raised in the state court level. The only issue the petitioner has raised at the state court level is that the trial court abused its discretion by refusing to grant probation to the prisoner. Therefore, because the petitioner in this case has failed to raise any of the issues currently alleged at the state court level, they cannot be heard before the federal court. As such, it is recommended that the petitioner's habeas petition be dismissed.

## V. Recommendation

Based upon a review of the record, the undersigned recommends that the respondent's motion for summary judgment [dckt. 22] be **GRANTED** and petitioner's §2254 motion [dckt. 1] be **DENIED** and dismissed from the Court's active docket. **The original Opinion/Report and Recommendation provided a ten(10) day window of opportunity to file written objections necessitating this Amended Opinion/Report and Recommendation.**

**Accordingly Within fourteen (14) days after being served with a copy of this amended opinion/report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.** A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Amended Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Amended Opinion/Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: July 14, 2011.

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE