# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**KEVIN M. PHILLIPS,**

        Petitioner,

v.                                                          **Civil Action No. 5:11cv46**
                                                             **(Judge Stamp)**

**STATE OF WEST VIRGINIA,**

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner filed a habeas petition on March 23, 2011 pursuant to 28 U.S.C. § 2254. [Dckt. 1] On March 28, 2011, he was granted permission to proceed as a pauper and assessed an initial partial filing fee. [Dckt. 8]. The petitioner paid his initial partial filing fee on March 28, 2011. [Dckt. 17] The Court issued an "Order to Show Cause" to respondents on May 12, 2011. [Dckt 18] On May 26, 2011, the petitioner filed a "Motion for Sentence Reduction" [Dckt. 20] The respondents filed a response to the petitioner's habeas petition and a motion for summary judgment on June 7, 2011. [Dckts. 21 & 22]. Because petitioner is appearing *pro se*, the Court issued a Roseboro notice on June 17, 2011. [Dckt. 26] The petitioner filed two responses on June 23, 2011. [Dckts. 28 & 29]. A report and recommendation to dismiss the petitioner's habeas claim was filed by this Court on July 14, 2011. [Dckt. 31].

In the petitioner's "Motion for a Sentence Reduction," he is requesting this Court to unilaterally change his sentence so he can tend to his sick father and financially support his family. There have been no responses filed to this motion.

As the prisoner was sentenced by the state court and is currently in state custody, the correct

vehicle for the petitioner to challenge the length of his sentence and ask for a reduction would be to raise this issue in a 28 U.S.C. § 2254 motion for habeas corpus, which he failed to do. However, even if the petitioner raised this issue in his 28 U.S.C. § 2254 motion, section (a) of the law states that federal courts can "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Because tending to a sick family member or providing financial support is not an allegation that he is in state custody as a violation of the Constitution or laws or treaties of the United States, this request would have been denied even if it was raised through the proper channels.

For the reasons stated herein, the undersigned recommends that the petitioner's "Motion For Sentence Reduction" be **DISMISSED** from the active docket of this Court. Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation

to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: July 19, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE