IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEVIN M. PHILLIPS,

    Petitioner,

v.                                  Civil Action No. 5:11CV46
                                               (STAMP)
STATE OF WEST VIRGINIA,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORTS
AND RECOMMENDATIONS OF MAGISTRATE JUDGE**

I.  Background

On March 23, 2011, the pro se[1] petitioner, Kevin M. Phillips, filed a habeas petition pursuant to 28 U.S.C. § 2254 asserting four arguments in support of overturning his sentence. Specifically, the petitioner argues: (1) an officer did not read him his rights; (2) he was threatened and manipulated by an officer; (3) an officer falsified information to the courts; and (4) attorneys would not fight for his motions or raise certain issues. On May 26, 2011, the petitioner filed a motion for a sentence reduction. In response to the Court's order to show cause, issued on May 12, 2011, the respondent filed a motion for summary judgment on June 7, 2011. In support of its motion for summary judgment, the respondent argues that the petitioner's claims are all barred for

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

failure to exhaust state remedies. The petitioner then filed two responses, both of which were docketed on June 23, 2011.

On July 13, 2011, Magistrate Judge John S. Kaull issued a report and recommendation recommending that the respondent's motion for summary judgment be granted and that the petitioner's § 2254 petition be denied and dismissed. On July 14, 2011, the magistrate judge issued an <u>amended</u> report and recommendation clarifying that although the original report and recommendation provided a ten (10) day window of opportunity to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's amended recommendation. Neither the petitioner nor the respondent filed objections.

On July 19, 2011, the magistrate judge issued a second report and recommendation recommending that the petitioner's motion for a sentence reduction be dismissed. Again, the magistrate judge instructed that pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's amended recommendation. Neither the petitioner nor the respondent filed objections. For the reasons set forth below, this Court finds that both reports and

recommendations of the magistrate judge should be affirmed and adopted in their entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed in this case, this Court reviews each report and recommendation of the magistrate judge for clear error.

## III. Discussion

A. Amended Report and Recommendation that § 2254 Motion Be Denied

As grounds for his § 2254 petition, the petitioner states that he needs to be at home to assist his elderly father and his wife, who has struggled without his income. As relief, the petitioner asks to be put on probation. As the magistrate judge noted, the petition includes multiple statements from friends and family in support of the petitioner being placed on probation. The petitioner's motion for a reduced sentence seeks the same relief.

In its motion for summary judgment, the respondent argues that the petitioner must first raise the issues presented in his § 2254 petition in state court before they can be reviewed by a federal court. In response to the motion for summary judgment, the petitioner asks the Court to ignore the respondent's allegations and he reiterates the arguments made in his petition.

Title 28, United States Code, Section 2254(b) provides that absent a valid excuse, a state prisoner must exhaust his remedies in state court before pursuing federal habeas relief. To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997). Until the state has been given the opportunity to consider the issue and afford a remedy if relief is warranted, "federal courts in habeas proceedings by state prisoners should stay their hand." Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) (quoting Gilstrap v. Godwin, 517 F.2d 52, 53 (4th Cir. 1975)). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

28 U.S.C. § 2254(d). The phrase "'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999).

Nevertheless, habeas corpus relief is not warranted unless the constitutional error at trial had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). Accordingly, "[u]nder this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, 507 U.S. at 637.

This Court agrees that the petitioner has failed to follow proper procedure in this case. A review of the record reveals that the only issue the petitioner raised at the state court level is that the trial court abused its discretion by refusing to grant probation to the prisoner. None of the four claims presented in the § 2254 petition were raised at the state court level, thus, they cannot be heard before this Court.

B.  <u>Report and Recommendation that Motion for Sentence Reduction Be Dismissed</u>

In his motion for a sentence reduction, the petitioner requests that this Court unilaterally change his sentence so that he may tend to his sick father and financially support his family. The respondent did not file a response to this motion. This Court agrees that because the petitioner was sentenced by the state court and is currently in state custody, the correct vehicle for him to challenge the length of his sentence and ask for a reduction would be to raise this issue in a 28 U.S.C. § 2254 motion for habeas corpus, which he did not do. This Court further agrees with the magistrate judge's finding that even if the petitioner had raised this issue in his § 2254 motion, tending to a sick family member and providing financial support do not amount to allegations that the petitioner is in state custody in violation of the Constitution or laws or treaties of the United States. Thus, this request would have been properly denied even if it had been raised in the § 2254 motion.

## IV.  <u>Conclusion</u>

Because the parties have not objected to either the amended report and recommendation of the magistrate judge regarding the § 2254 motion or the report and recommendation regarding the motion for a sentence reduction, and because this Court finds that the magistrate judge's recommendations are not clearly erroneous, the

rulings of the magistrate judge is hereby ADOPTED and AFFIRMED in their entirety. Accordingly, for the reasons set forth above, the respondent's motion for summary judgment (Doc. 22) is GRANTED, the petitioner's § 2254 motion (Doc. 1) is DENIED and DISMISSED WITH PREJUDICE, and the petitioner's motion for sentence reduction (Doc. 20) is DISMISSED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the reports and recommendations in this action would result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendations bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-

7

38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 10, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE